UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-CR-145 |
| BRENDA LYNN FOWLER, | ) ) | (VARLAN / GUYTON) |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant's *pro se* Motion for Sentencing Transcripts [Doc. 106] and Application to Proceed In Forma Pauperis [Doc. 107], both filed on June 17, 2013, and referred [Doc. 108] to the undersigned on July 8, 2013. The Defendant asks the Court to order that she receive the transcripts of her sentencing hearing so that she "can effectively fight her case and back up her argument that her attorney was ineffective by failing to present mitigating evidence and a defense on her behalf." [Doc. 106, p.1] Defendant states that both she and her family have tried unsuccessfully to get this transcript from her court-appointed attorney Joseph Fanduzz. Defendant has also filed a request to proceed with her Motion [Doc. 105] to vacate her sentence pursuant to 28 U.S.C. § 2255, without prepayment of fees or costs. In support of this request, the Defendant declares under penalty of perjury that she has no income other than her prison employment, no assets other than $117.76 in her prison account, and no dependents.

1

## I. PROCEDURAL HISTORY

Defendant Fowler was indicted [Doc. 2] on November 2, 2010, with conspiring to distribute and possess with intent to distribute 100 grams or more of heroin. The Indictment further alleges that serious bodily injury resulted to another person from that person's use of heroin in conjunction with the conspiracy. The Court appointed [Doc. 8] Attorney Joseph A. Fanduzz to represent the Defendant at her initial appearance and arraignment on November 5, 2010. The Defendant entered a guilty plea [Doc. 50] and was taken into custody on March 30, 2011. District Judge Thomas Varlan sentenced the Defendant to 180 months imprisonment on June 8, 2012. The Court entered the Defendant's Judgment of conviction [Doc. 90] on June 12, 2012. No direct appeal was taken.

On June 3, 2013, the Defendant filed a Motion [Doc. 105] alleging that she was denied the effective assistance of counsel and stating the following facts in support thereof: "Failure to see if defendant was legally capacitated before she signed plea, failure to present mitigating evidence, and failure to investigate criminal history points." [Doc. 105, p.4] The motion states that the Defendant will file a memorandum in support of the motion, and she seeks a transcript of her sentencing hearing in order to pursue her claim of ineffective assistance of counsel. On October 15, 2013, the Defendant filed a twenty-two page legal memorandum [Doc. 109] regarding her claim that she received the ineffective assistance of counsel.

## II. REQUEST TO PROCEED IN FORMA PAUPERIS

The Defendant filed an affidavit of indigency and was granted appointed counsel at the outset of this case. While there is no fee for the filing of a motion pursuant to § 2255 in the

2

Case 3:10-cr-00145-TAV-HBG   Document 111   Filed 01/14/14   Page 2 of 6   PageID #: 499

District Court, the Court infers that the Defendant seeks in forma pauperis status in order to obtain the transcript of her sentencing hearing free of charge. Section 753(f) of Title 28 provides, in pertinent part, that "[f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

The Court may permit the Defendant to proceed in forma pauperis, if she submits an affidavit which includes (1) a statement of all her assets, (2) that she is not able to pay the fee in question, (3) the nature of the action, and (4) her belief that she is entitled to relief. 28 U.S.C. § 1915(a)(1). The Court finds that the Defendant has complied with these requirements. The Defendant has submitted an application stating that she has no assets other than a balance of $117.76 in her prison account. She states that she needs her sentencing transcript in order to pursue her claim of ineffective assistance of counsel. The application states the Defendant is not able to pay for the sentencing transcript due to her poverty and that she believes that she is entitled to relief. The Defendant has signed the application under penalty of perjury, and a prison official has certified the amount in the Defendant's prison account. Based upon this information, the Court finds that the Defendant is entitled to in forma pauperis status. The Court recommends that the Defendant's request [Doc. 107] to proceed informa pauperis be granted.

### III. REQUEST FOR SENTENCING TRANSCRIPT

The Defendant seeks the transcript of her sentencing hearing in order to litigate her

3

Case 3:10-cr-00145-TAV-HBG   Document 111   Filed 01/14/14   Page 3 of 6   PageID #: 500

motion to vacate her sentence due to the ineffective assistance of counsel pursuant to 18 U.S.C. § 2255. Although the Court has found that the Defendant should be permitted to proceed in forma pauperis, such finding does not necessarily mean that the Defendant may receive the requested transcript. Congress has limited the provision of transcripts to defendants proceeding under § 2255:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. . . . .

28 U.S.C. § 753(f); see also United States v. MacCollom, 426 U.S. 317, 325-26 (1976) (holding statutory requirement that indigent defendant not receive a free trial transcript unless he can show that his § 2255 motion is not frivolous and that the transcript is necessary to decide the issue presented does not violate the Fifth Amendment); Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993) (holding that an indigent defendant is entitled to a free transcript "only if he demonstrates that his [§ 2255] suit is not frivolous and that the transcript is needed to decide the issue presented by the suit"); United States v. Connors, 904 F.2d 535, 536 (9th Cir. 1990); United States v. Lewis, 605 F.2d 379, 380 (8th Cir. 1979).

In the instant case, the issue of whether the Defendant's suit is frivolous is pending before the District Judge.[1] The Defendant has filed a detailed legal memorandum stating the bases for her claims that her attorney provided ineffective assistance of counsel at her sentencing hearing.

---

[1] Rule 4 of the Federal Rules Governing Section 2255 Proceedings provides that the judge who sentenced the defendant must do a preliminary review of a motion filed pursuant to § 2255, along with any exhibits and the record of prior proceedings, to determine if it is clear that the defendant is not entitled to relief. "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. at (b).

The Defendant argues that counsel was ineffective for failing to determine whether she had the mental capacity to sign a plea agreement, to present mitigating evidence at the sentencing hearing, or to investigate her criminal history points. The Defendant argues that counsel failed to inform the District Judge at both the change of plea hearing and at sentencing that she was on medications. The Defendant also contends that counsel failed to inform the District Judge that her husband and codefendant Randall Fowler physically abused her and forced her to sell drugs. She notes that at the sentencing hearing, the Assistant United States Attorney expressed concern about facts of which he was not aware until that day.

It appears to the Court that a transcript of the sentencing hearing would be relevant to determining what was said with regard to the medications the Defendant was taking and whether counsel informed the District Judge that the Defendant had suffered domestic abuse. Accordingly, if the District Court determines that the Defendant has presented a legitimate, i.e., not frivolous, motion to vacate her sentence, then the undersigned recommends that a transcript of the sentencing hearing be prepared and provided at no cost to the Defendant.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that **if** the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 105] is not frivolous, the District Judge should grant the Defendant's motions [Docs. 106 and 107] and order that a transcript of the sentencing hearing be provided to the Defendant at no cost to her. The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to the Defendant at the address listed in her Notice [Doc. 110] filed on November 4, 2013.[2]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).