UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRENDA LYNN FOWLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:10-CR-145-03-TAV-BHG |
| | ) | 3:13-CV-319-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 105].[1] The Government filed a response in opposition to Petitioner's § 2255 motion [Doc. 118]. During pendency of the action, Petitioner filed a second § 2255 motion [Doc. 116]; a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 128]; and two motion seeking leave to amend her second § 2255 motion [Docs. 121, 133]. Because Petitioner's second § 2255 motion [Doc. 116] is nearly identical to Petitioner's original § 2255 motion [Doc. 105], the Court will construe Petitioner's second § 2255 motion [Doc. 116] and the addendum to that motion [Doc. 117] as an additional motion to amend.

For the reasons stated below, Petitioner's motions for leave to amend [Docs. 116, 121, 133] will be **GRANTED IN PART** and **DENIED IN PART**. Petitioner's § 2255 motion [Doc. 105] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court,

---

[1] All citations to the record are found on the docket of Case No. 3:10-cr-145-03.

by separate memorandum opinion and order, will address the merits of Petitioner's motions for reduction in sentence.

## I. BACKGROUND

On November 2, 2010, a federal grand jury for the Eastern District of Tennessee filed a one-count indictment against Petitioner for conspiring to distribute and possess with intent to distribute one hundred grams or more of heroin, with serious bodily injury to another person resulting from that person's use of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (Count One) [Doc. 2].

On March 16, 2011, Petitioner signed a plea agreement with the United States in which she agreed to plead guilty to the drug conspiracy as charged [Doc. 47]. The Court, in November of 2014, sentenced Petitioner to a term of 180 months imprisonment [Doc. 90]. Petitioner did not file a direct appeal.

On June 3, 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 alleging misconduct and ineffective assistance [Doc. 105]. The matter is now ripe for review.

## II. TIMELINESS OF PETITION AND AMENDMENTS

Petitioner has filed what the Court interprets as three requests for leave to amend her original § 2255 motion, the first on June 24, 2014 [Doc. 116]; the second on September 24, 2014 [Doc. 121]; and the third on June 18, 2015 [Doc. 133].

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations applicable to collateral challenges under § 2255 runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by Governmental action in violation of

the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Amended claims and defenses are subject to the same one year statute of limitations period as the original motion. *Cameron v. United States*, No. 1:05-CV-264, 2012 U.S. Dist. LEXIS 48381, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner's one-year period for requesting relief under subsection (f)(1) expired on June 26, 2013, one year after her conviction became final for purposes of that section on June 26, 2012 [Doc. 90]. The original petition—filed on June 3, 2013—falls safely within the permissible period for requesting collateral relief.

By contrast, Petitioner failed to request leave to amend until nearly one year after the expiration of the window for requesting timely relief under § 2255(f)(1). While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Because futility of the proposed amendment is a permissible basis on which to deny a motion for leave to

3

amend, *see Forman*, 371 U.S. at 182 (noting grant or denial of a motion to amend is within the discretion of the district court), resolution of Petitioner's motions depends on whether the proposed claims equitably tolled the limitations period contained in § 2255(f)(1), are independently timely under §§ 2255(f) (2), (3) or (4) or otherwise relate back to a timely filing under Rule 15(c).

An amended claim relates back if it "[arises] out of the [same] conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and explained an amended petition will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those [set forth in] the original pleading." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 658 (citations omitted).

    A.    **Petitioner's June 24, 2014 Motion to Amend**

Petitioner's first proposed amendment, in additional to fully adopting and incorporating the original § 2255 petition, includes photocopies of the 2012 Federal Sentencing Guidelines Manual and, by way of addendum, asserts an additional theory as grounds for vacating, setting aside, or correcting her underlying sentence [Docs. 116, 117]. Specifically, citing the Supreme Court decision in *Burrage v. United States*, 134 S. Ct. 881, 187 (2014), Petitioner argues she is not subject to the penalty enhancement provision of 21 U.S.C. § 841 (b)(1)(B) because her conduct was not proven to be the but-for cause of the

4

victim's death or injury, a required element in determining the applicability of the enhancement.

The inclusion of photocopies of the 2012 Federal Sentencing Guidelines Manual appears to be an attempt to expand available information in support of the grounds raised in the original § 2255 petition.  As a result, the proposed amendments relate back to the date of Petitioner's original pleading.  *See Batts v. United States*, No. 1:10-CV-243, 2013 U.S. Dist. LEXIS 128839, at *8–9 (E.D. Tenn. Sept. 10, 2013) (explaining an amendment will only relate back where it amplifies or adds facts in support of existing claim or where it adds a new claim, resolution of which hinges on same core facts or conduct as a pre-existing timely claim).  In contrast, Petitioner's *Burrage* claim presents an entirely new legal theory, the resolution of which hinges on occurrences wholly unrelated to any conduct challenged in the timely pleading.

Based on the foregoing, Petitioner's motion [Doc. 116] will be **GRANTED** as to the addition of the of photocopies of the 2012 Federal Sentencing Guidelines Manual, which share a nucleus of operative facts with grounds in the original petition.  In contrast, Petitioner's *Burrage* claim would not relate back and granting the motion with respect to such a claim would be futile, Petitioner's first motion for leave to amend [*Id.*] will be **DENIED** with respect to that claim.

  **B.**  **Petitioner's September 24, 2014 Motion to Amend**

Petitioner's second motion for leave to amend, filed September 24, 2014, asserts a novel claim for relief based on the Supreme Court decision in *United States v. Alleyne*, 133 S. Ct. 2151 (2013) [Doc. 121].  As stated above, amended claims are subject to the same

5

limitations period as the original motion. Because Petitioner's current motion for leave to amend was filed September 24, 2014, more than a year after the date her judgment became final, her motion for leave to amend is untimely [Doc. 121]. Petitioner's motion [*Id.*] will be **DENIED** as such**.**

### C. Petitioner's June 18, 2015 Motion to Amend

Petitioner's final motion for leave to amend, filed June 18, 2015, seeks to include authority from the Eighth Circuit that the Supreme Court's holding in *Burrage* applies retroactively on collateral review [Doc. 133 p. 2]. However, whether *Burrage* is retroactive is of no import here because it, at best, only relates back to that portion of Petitioner's first motion for leave to amend which the Court has already decided is untimely. Petitioner's motion [*Id.*] will be **DENIED as moot.**

### III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates six grounds of collateral challenge in her original petition, including: (1) deficient assistance by counsel for failing to determine if Petitioner was legally

6

Case 3:10-cr-00145-TAV-HBG   Document 137   Filed 08/10/16   Page 6 of 11   PageID #: 831

competent prior to signing her plea agreement (Ground One) [Doc. 105]; (2) deficient assistance by counsel for failing to present mitigating evidence (Ground Two) [*Id.*]; and (3) deficient assistance by counsel for failing to challenge Petitioner's criminal history points (Ground Three) [*Id.*]. None warrant relief.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the Petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the Petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the Petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether

7

counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

### A.  Ground One: Failure to Establish Lack of Legal Competence

Petitioner's first theory of collateral attack claims counsel rendered constitutionally deficient assistance by failing to present information to the Court that would establish Petitioner was under the influence of medication and other drugs before she was indicted, when she entered her plea, and at her sentencing [Doc. 109 p. 9]. Petitioner alleges that in addition to "smoking marijuana and snorting oxycontine [sic] and heroin voluntarily," she was also taking prescribed roxycodone, hydrocodone, methadone, soma, and klonapine [*Id*.]. Petitioner claims she was under the influence of all of the foregoing medications when she entered her plea and that she only stated otherwise because "her attorney coached her to say no so that he could rush through the proceedings" [*Id*.]. She contends there is a reasonable probability that the result of the proceedings would have been different had counsel requested a competency hearing instead of "misleading Petitioner to say she was competent" [*Id*. p. 13].

In response, the Government argues Petitioner, while entering a plea of guilty, confirmed in open court that she was not under the influence of any drugs or medication [Doc. 118 p. 4]. The Government argues that, in addition to expressly denying being under the influence, Petitioner presented no behavior that would raise any doubts as to her competency or warrant counsel to request a competency hearing [*Id*.]. The Government

8

points out that this Court is entitled to rely on Petitioner's sworn statement, particularly in the absence of any indication of untruthfulness or incompetence on Petitioner's part [*Id.*].

The Court is persuaded by the Government's response. A defendant is considered mentally incompetent if he lacks a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). There is nothing in the record that indicates Petitioner was under the influence to a degree that prevented her from consulting with her attorney or understanding the proceedings, or that she was behaving in any way that would indicate a need for a competency hearing. Indeed, after an opportunity to observe Petitioner's behavior at the proceeding, the Court found her fully capable and competent to enter an informed, knowing, and voluntary plea. Consequently, the Court cannot find that counsel was deficient for failing to request a mental evaluation.

The Court need not reach the question of whether any prejudice existed because Petitioner's insufficient showing of deficient performance obviates the need to do so. *See, Strickland*, 466 U.S. at 697 (finding "no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [Petitioner] makes an insufficient showing on one").

**B.     Ground Two: Failure to Present Mitigating Evidence**

Petitioner's next theory of collateral attack claims counsel rendered constitutionally deficient assistance by failing to present mitigating evidence [Doc. 109 p. 14]. Specifically, Petitioner claims counsel failed to present evidence regarding the physical, mental and

9

emotional abuse she endured at the hands of her husband for over twenty year [*Id*.]. She argues the abuse was relevant to the determination of an appropriate sentence [*Id*.]. Petitioner also alleges counsel was deficient for failing to ask for a departure based on the sentencing disparity between her and her husband [*Id*. p. 16].

On review of the transcript of Petitioner's sentencing hearing, the Court finds Petitioner is contradicted by the record [Doc. 115]. Contrary to Petitioner's assertion, her counsel did present mitigating evidence regarding the domestic abuse Petitioner endured, arguing at length that the abuse should be taken into consideration during the imposition of Petitioner's sentence [*Id*. pp. 16-18]. Counsel also asked that the Court consider the sentencing disparity between Petitioner and her husband, arguing that her potential 219 to 292 month sentence was unjust in light of the fact that Petitioner's husband's sentence was "close to a third of that" [*Id*. p. 23]. It is clear to the Court that counsel raised each issue Petitioner asserts should have been raised in order to provide effective assistance of counsel on her behalf. Counsel cannot be found ineffective for doing exactly what Petitioner claims he should have done

### C. Ground Three: Failure to Challenge Petitioner's Criminal History Points

Petitioner's final theory of collateral attack claims counsel rendered constitutionally deficient assistance by failing to challenge Petitioner's criminal history points [Doc. 109 p. 20]. Petitioner alleges counsel failed to challenge the "seriousness" of her criminal history, and claims the outcome of her sentencing hearing would have been different if he had [*Id*.].

However, as before, Petitioner's allegations are contradicted by the record [Doc. 115]. Counsel did, in fact, argue the seriousness of Petitioner's criminal history, stating that her

10

past offenses were primarily "petty crimes," the nature of which served to "reflect [] the seriousness of her criminal history" [*Id*. p. 20]. Again, counsel did exactly what Petitioner claims he should have done. Accordingly, the Court can find no instance of deficient performance or objectively unreasonable conduct under this theory. Petitioner's present ineffective assistance of counsel claim fails.

## V. CONCLUSION

For the reasons discussed above, Petitioner's motions for leave to amend [Docs. 116, 121, 133] will be **GRANTED IN PART** and **DENIED IN PART**. Petitioner's § 2255 motion [Doc. 105] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court, by separate memorandum opinion and order, will address the merits of Petitioner's motions for reduction in sentence.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE