UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:10-CR-145-TAV-HBG-3 |
| BRENDA LYNN FOWLER, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's *pro se* Motion for Reconsideration [Doc. 139] to which the government responded [Doc. 141]. In this motion, the defendant asks that the Court grant her a sentence reduction based on her "post-conviction rehabilitation" [Doc. 139 p. 1]. In support of this argument the defendant submits that she has received 26 certificates while incarcerated.

As an initial point, the Court notes that it may only modify a sentence when statutorily permitted. *See United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute."). In her motion, the defendant asserts that the Court is empowered to reduce her sentence pursuant to 18 U.S.C. § 3742(e). This statutory provision, however, describes the manner of review conducted by an appellate court after a defendant appeals her sentence. *See* 18 U.S.C. § 3742. Because the defendant is not currently challenging her sentence on direct appeal, 18 U.S.C. § 3742(e) is not applicable in this case. *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) (noting different provisions of 18 U.S.C. § 3742 and stating that they

"are the basis for appellate review of a district court's sentencing decisions" and that they "do not grant jurisdiction to a district court to review a final sentence").

The defendant also contends that the Supreme Court decision *Pepper v. United States*, 562 U.S. 476 (2011), authorizes the Court to consider her post-sentencing rehabilitation and reduce her sentence accordingly [Doc. 139 p. 1]. In *Pepper*, however, the Supreme Court stated that a district court could consider post-sentencing rehabilitation only in the event that the "initial sentence was set aside on appeal." *See id.* at 504. Because the defendant's sentence in this case has not been set aside on appeal, *Pepper* does not authorize the Court to consider post-sentencing rehabilitation and reduce the defendant's sentence.

In sum, the Court finds that defendant's post-sentencing rehabilitative efforts do not provide the Court with any basis to reduce the defendant's sentence. As such, the Court hereby **DENIES** the defendant's *pro se* Motion for Reconsideration [Doc. 139]. In addition, the Court notes that the defendant has a pending *pro se* Motion for Minor-Role Amendment Reduction [Doc. 143] to which the government has not yet responded. The Court hereby **DIRECTS** the government to respond to the defendant's Motion for Minor-Role Amendment Reduction [Doc. 143] within **twenty-one (21) days** of entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE