UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-145-TAV-HBG-3 |
| BRENDA LYNN FOWLER, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction [Doc. 143]. The defendant seeks a reduction in her sentence based on Amendment 794 to section 3B1.2 of the United States Sentencing Guidelines Manual. The government has responded in opposition to the defendant's motion [Doc. 146]. For the reasons explained below, the Court will deny the defendant's motion.

On March 30, 2011, the defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, with serious bodily injury to another person resulting from that person's use of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Doc. 50; Doc. 90 p. 1]. The Court sentenced the defendant to a term of 180 months' imprisonment, below her advisory guideline range [Doc. 90 p. 2]. The defendant did not file a direct appeal, but she did file a timely motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 on June 3, 2013 [Doc. 105; *see also* Docs. 116–17, 121, 133 (amendments to the defendant's original § 2255 motion)]. The government responded in opposition [Doc. 118], and the Court later denied the defendant's

motion on its merits [Docs. 137–38]. In addition, the Court recently denied the defendant's motion [Doc. 139] for a sentence reduction based on her post-sentencing rehabilitation efforts [Doc. 145]. Finally, the defendant filed the instant motion for a sentence reduction on February 6, 2017 [Doc. 143], to which the government responded in opposition at the Court's direction on July 17, 2017 [Doc. 146].

In the instant motion, the defendant seeks a reduction in her sentence—ostensibly under 28 U.S.C. § 2255—in light of Amendment 794 to section 3B1.2 of the Guidelines Manual. Section 3B1.2 provides for a two- or four-level reduction of a defendant's base offense level if she was a "minor" or "minimal" participant, respectively, in the criminal activity. Amendment 794 to this section took effect on November 1, 2015, more than three years after the defendant's sentencing hearing [Doc. 89]; *see United States v. Carter*, 662 F. App'x 342, 349 (6th Cir. 2016). This amendment added various factors to Application Note 3(c) for courts to consider in applying section 3B1.2. *See* U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.3(C). The amendment further made clear that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment." *Id.* Finally, the amended commentary states that whether "a defendant performs an essential or indispensable role . . . is not determinative," and that a defendant who is "substantially less culpable than the average participant" will merit a reduction. *Id.*

The defendant argues that resentencing is necessary because the Court could not consider the factors and statements added by Amendment 794 at the time of her sentencing.

2

The defendant asserts that this amendment is retroactive in effect because it resolved a circuit split as to how to determine whether a defendant is "substantially less culpable than the average participant." § 3B1.2 cmt. n.3(C). Specifically, the Sentencing Commission "adopt[ed] the approach of the Seventh and Ninth Circuits, revising the commentary to specify that . . . the defendant is to be compared with the other participants 'in the [same] criminal activity,'" rather than the whole universe of typical offenders. U.S. Sentencing Guidelines Manual app. C. at 116 (U.S. Sentencing Comm'n 2016). The defendant further asserts that a defendant may receive the benefit of this amendment either on direct appeal or through a § 2255 motion, and that her present motion is timely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Finally, the defendant argues that resentencing in light of Amendment 794 is necessary to avoid unwarranted sentencing disparities, as 18 U.S.C. § 3553(a)(6) demands.

The government responds first that the defendant's motion is unreviewable under § 2255. The government notes that the defendant has already filed—and the Court has already denied—one § 2255 motion from this defendant [Docs. 105, 137–38]. Under AEDPA, a defendant is barred from filing a "second or successive" § 2255 motion unless she first obtains authorization from the appropriate circuit court of appeals. § 2255(h). Such authorization is generally permitted only if the motion is based on "newly discovered evidence" or "a new rule of constitutional law." § 2255(h)(1)–(2). Furthermore, the Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without [prior] authorization from [the Sixth

3

Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The government next argues, however, that the relief the defendant seeks would be unavailable under § 2255 even if she satisfied the necessary procedures. The government asserts that the defendant is really seeking relief under 18 U.S.C. § 3582, rather than under § 2255. Section 3582 permits courts to modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). As the Sixth Circuit recognized in *United States v. Carter*, § 2255 is the proper mechanism for challenging the defendant's original sentence, while § 3582 is the proper mechanism for seeking a sentence reduction based on subsequent guidelines amendments. 500 F.3d 486, 491–92 (6th Cir. 2007). Courts must construe the motion at issue based on the substantive relief it seeks, not the label attached. *See id.* at 491. Moreover, the government argues that the defendant is not entitled to resentencing under § 3582 because the Sentencing Commission did not intend Amendment 794 to apply retroactively. *See* U.S. Sentencing Guidelines Manual § 1B1.10(d) (list of retroactive amendments); *see also United States v. Dullen*, 15 F.3d 68, 70–72 (6th Cir. 1994) (holding that only amendments expressly listed in section 1B1.10(d) will permit resentencing under § 3582).

After carefully considering the arguments advanced and authorities cited by both parties, the Court agrees with the government that the defendant's motion should be

4

construed as seeking relief under § 3582, rather than § 2255. While the defendant's motion seems to indicate that § 2255 is the statutory basis for her request, the Sixth Circuit has made clear that the substance, rather than the form, of a defendant's motion must guide courts in determining which statute governs the motion. *See Carter*, 500 F.3d at 491. Here, because the defendant seeks a sentence reduction based on a post-sentencing guideline amendment, her motion corresponds in substance to § 3582. *See United States v. Santoyo*, No. 92-cr-20076, 2008 WL 564877, at *2 (E.D. Mich. Feb. 28, 2008) ("If a motion asserts that the sentencing guidelines have been modified in a manner that is applicable to the defendant's sentence and requests the relief that § 3582 provides, then the motion is properly construed as a § 3582 motion." (citing *Carter*, 500 F.3d at 490)).[1]

Turning to the substance of the defendant's motion, the Court next finds that Amendment 794 is not retroactive in the sense that it would permit resentencing under

---

[1] The Court notes the defendant may, in theory, be able to seek a correction of her sentence under § 2255 in light of Amendment 794. As explained further below, the Sixth Circuit has held that "Amendment 794 is clarifying and therefore retroactive" in the context of a direct appeal. *Carter*, 662 F. App'x at 349. And, contrary to the government's position, the Sixth Circuit has held that a defendant may file a § 2255 motion to vacate or correct her sentence in light of "an amendment [that] clarifies a sentencing guideline, . . . even if it is not listed in U.S.S.G. § 1B1.10[d]." *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *see also United States v. Jenkins*, No. 12-13-GFVT-CJS, 2017 WL 3431916, at *6 n.7 (E.D. Ky. July 5, 2017) (noting that the *Rivera* decision "stands for the proposition that a defendant may request retroactive application of clarifying amendments to the Sentencing Guidelines via a motion under § 2255."). It is unclear whether the defendant could prevail on the merits of such a petition. *See United States v. Dixon*, No. 12-20030, 2017 WL 550558, at *1 (E.D. Mich. Feb. 10, 2017) (noting that Amendment 794 is unlikely to furnish a fruitful basis for relief under § 2255). Regardless, the Court need not resolve that issue because the defendant's motion is best construed as seeking relief under § 3582. *See Santoyo*, 2008 WL 564877, at *2. And, in any event, the defendant would first have to seek authorization from the Sixth Circuit to file a second § 2255 motion before the Court could consider the merits of such a request. § 2255(h); *Sims*, 111 F.3d at 47.

§ 3582. As noted above, this section permits modification of an already-imposed sentence only if "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The Sixth Circuit has held that the relevant policy statement, section 1B1.10(d), provides the exclusive list of retroactive amendments. *See Dullen*, 15 F.3d at 71 (noting that section 1B1.10(d) "exists precisely for the purpose of identifying those amendments that are intended to be effective retroactively"). Amendment 794 is absent from that list. Thus, the default principle of federal criminal law applies: A defendant's advisory guideline range is calculated under the guidelines "in effect on the date the defendant is sentenced." § 3553(a)(4)(A)(ii).

Furthermore, the Ninth Circuit's decision in *United States v. Quintero-Levya*, 823 F.3d 519 (9th Cir. 2016), which the defendant cites in support of her motion, is not to the contrary. In that case, the court held that Amendment 794 "applies retroactively to direct appeals" because it serves as a clarifying amendment and resolved a circuit split. *Id.* at 523. The Sixth Circuit came to the same conclusion in *Carter*, 662 F. App'x at 349. But the defendant here did not file a direct appeal of her conviction or sentence, and a different standard for retroactivity applies in the direct-appeal context and the § 3582(c)(2) context. *See United States v. Smedley*, No. 5:01-cr-8-R, 2009 WL 2447932, at *1 (W.D. Ky. Aug. 7, 2009) (collecting Sixth Circuit case law). The availability of § 3582 relief depends on whether the Sentencing Commission has designated the amendment at issue as retroactive under section 1B1.10(d). The Commission has not done so in the case of Amendment 794.

Therefore, the Court concludes that this amendment does not provide this defendant with a ground for relief under § 3582.

Accordingly, the defendant's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582 [Doc. 143] is hereby **DENIED**.

IT IS SO ORDERED.

        s/ Thomas A. Varlan
        CHIEF UNITED STATES DISTRICT JUDGE